RECEIVED

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

AUG 24 2016

AT 8:30_____M
WILLIAM T. WALSH

| | |
|---|---|
| KOLAWOLE O. TOMIWA,<br><br>    Petitioner,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | HONORABLE ANNE E. THOMPSON<br><br>Civil Action<br>No. 16-3342 (AET)<br><br>**OPINION** |

APPEARANCES:

B. ALAN SEIDLER, Esq.
580 Broadway
Room 709
New York, New York 10012
    Attorney for Petitioner Kolawole O. Tomiwa

SHIRLEY UCHENNA EMEHELU, Esq.
United States Attorney's Office
970 Broad Street
Suite 700
Newark, New Jersey 07102
    Attorney for Respondent United States of America

**THOMPSON, District Judge:**

**I.    INTRODUCTION**

    Kolawole O. Tomiwa ("Petitioner") moves to vacate, correct, or set aside his federal sentence pursuant to 28 U.S.C. § 2255. Respondent United States of America ("Respondent") opposes the motion. For the reasons stated herein, Petitioner's motion is denied, and no certificate of appealability will issue.

## II. BACKGROUND

On January 24, 2012, Petitioner, a Nigerian citizen, was charged with bank fraud, 18 U.S.C. § 1344, and aggravated identity theft, 18 U.S.C. § 1028A(a)(1) in a two-count criminal complaint. *United States v. Tomiwa*, No. 13-cr-0513. On August 7, 2013, Petitioner and counsel appeared before the Honorable Peter J. Sheridan, D.N.J. to enter a guilty plea pursuant to a plea agreement.

Under the plea agreement, Petitioner would plead guilty to a two-count information charging him with conspiring to commit bank fraud by depositing approximately $780,000 in fraudulent Ocean First Bank checks into accounts controlled by Petitioner and his co-conspirators, including one account that was opened using someone else's information, in violation of 18 U.S.C. §§ 1344, 1329; and with transferring approximately $55,719 from other people's Bank of America accounts, in violation of 18 U.S.C. § 1344. Information, *United States v. Tomiwa*, No. 13-0513 (D.N.J. Aug. 7, 2013), Docket Entry 22. He agreed to make restitution in the amount of $293,833.87. Plea Agreement, *United States v. Tomiwa*, No. 13-0513 (D.N.J. Aug. 7, 2013), Docket Entry 26 at 3. The agreement also contained a provision regarding potential immigration consequences:

> The defendant understands that, if he is not a citizen of the United States, his guilty plea to the charged offense(s) may result in his being subject to

2

> immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization. . . . The defendant wants and agrees to plead guilty to the charged offense(s) regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States. The defendant understands that he is bound by his guilty plea regardless of any immigration consequences of the plea. Accordingly, the defendant waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

Plea Agreement at 5-6. Petitioner stipulated the loss for Count One was more than $400,000 but less than $1,000,000, and the loss under Count Two was more than $30,000 but less than $70,000. Schedule A ¶¶ 5, 10. He waived his right to file an appeal or collaterally attack motion "which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense level of 22." *Id.* ¶ 19. He signed under a paragraph stating "I have received this letter from my attorney . . . . I have read it. My attorney and I have discussed it and all of its provisions, including those addressing the charge(s), sentencing, stipulations, waiver, forfeiture, and immigration consequences." Plea Agreement at 8.

Judge Sheridan conducted an extensive colloquy with Petitioner before accepting the guilty plea. Plea Transcript,

Respondent's Exhibit 1. The court confirmed Petitioner had not taken any medications that would interfere with his ability to comprehend and participate in the proceedings and that Petitioner knew and understood what was happening in court. *Id.* at 6:2-16. The court further confirmed Petitioner was knowingly, voluntarily, and intelligently waiving his right to an indictment. 7:16 to 9:23. The court thereafter reviewed the plea agreement with Petitioner and engaged in a Rule 11 colloquy in order to ensure the plea itself was knowing, intelligent, and voluntary. In the course of that colloquy, the following exchange took place:

> The Court:      [] Now, Mr. Tomiwa, are you an American citizen?
>
> Petitioner:      No, Your Honor.
>
> The Court:      All right. Do you understand that since you're not a citizen of the United States your guilty plea to the charges may result that you will be subject to immigration proceedings and removed from the United States, do you understand that?
>
> Petitioner:      Yes, Your Honor.
>
> The Court:      And have you consulted with your - with counsel with regard to the potential immigration consequences of this plea?
>
> Petitioner:      Yes, Your Honor.
>
> The Court:      All right. And you understand that such immigrations proceedings are - most are very likely, you understand that?

4

    Petitioner:    Yes, Your Honor.

    The Court:    All right. And you still wish to move forward with the plea in light of that, right?

    Petitioner:    Yes, Your Honor.

15:22 to 16:16. Petitioner then confirmed that the Government's recitation of the agreement's terms matched with his own understanding. 18:25 to 20:22. The court also specifically inquired into the appellate waiver provision. 21:2 to 22:16. After Petitioner provided a factual basis for his plea, Judge Sheridan found that he was knowingly, intelligently, and voluntarily pleading guilty. 37:18 to 38:1. Petitioner appeared for sentencing before this Court on October 24, 2014. The Court departed from the Guideline range of 41-51 months and sentenced Petitioner to 26-months imprisonment on both counts, to be served concurrently, and a 5-year period of supervised release. Judgment of Conviction, *United States v. Tomiwa*, No. 13-cr-0513 (D.N.J. Oct. 24, 2014), Docket Entry 33.

Petitioner obtained new counsel and filed a Notice of Appeal in the Court of Appeals for the Third Circuit. *United States v. Tomiwa*, No. 14-4405 (3d Cir. filed Nov. 2, 2014).[1] A few months later, counsel filed a motion to withdraw the appeal under Federal Rule of Appellate Procedure 42(b). Counsel

---

[1] The Court takes judicial notice of these public records.

certified he was making the motion "because it became apparent after reviewing all the paperwork that waiver of appeal was part of the plea bargain and that I did not feel the appeal had any merit and the client has agreed with me." Certification of Counsel, No. 14-4405 (3d Cir. Feb. 12, 2015) ¶ 4. Petitioner also submitted a certification in support of the motion, stating:

> On several occasions I met with my attorney and discussed this matter in person and on the telephone and I am satisfied that not only are there no meritorious issues to present on direct appeal, but that an appeal would be a violation of my plea agreement. I discussed the matters of that violation and the possible consequences and I am of the opinion that I must withdraw this appeal. We did discuss potential post-conviction relief matters, pursuant to other statutes, but I have not decided how to proceed on that.

Certification of Kolawole O. Tomiwa, No. 14-4405 (3d Cir. Mar. 18, 2015) ¶ 3. The Third Circuit granted the motion and dismissed the appeal. Dismissal Order, No. 14-4405 (3d Cir. Mar. 25, 2015). Six months later, Petitioner moved to reopen the appeal. Motion to Reopen, No. 14-4405 (3d Cir. Aug. 11, 2015). The Third Circuit denied the motion without explanation. Order Denying Reopening, No. 14-4405 (3d Cir. Nov. 13, 2015).

While his motion to reopen his appeal was pending, Petitioner filed a pro se motion under 28 U.S.C. § 2255 alleging ineffective assistance of counsel in connection with his guilty plea. *Tomiwa v. United States*, No. 15-7721 (D.N.J. filed Oct.

27, 2015) ("First 2255 motion"). The Court originally administratively terminated the motion as Petitioner did not use the proper form; however, the motion was reopened and Respondent was ordered to answer once Petitioner submitted an amended motion on the proper form. Petitioner thereafter submitted a letter to the Court requesting an evidentiary hearing and sentencing reduction under 18 U.S.C. § 3582(c)(2). Letter, No. 15-7721 (D.N.J. Jan. 14, 2016). He requested the Court to consider the originally-filed motion as a supplement to the amended motion. *Id.*

Respondent answered all of the grounds raised by Petitioner in his original motion, amended motion, and supplemental letter. Answer, No. 15-7721 (D.N.J. Feb. 5, 2016). It argued Petitioner's ineffective assistance claims were meritless and that his requests for a downward departure were barred by his plea agreement. It noted "[a]s a remedy to Tomiwa's breach of the plea agreement, the Court may vacate his sentence and order resentencing 'where, in light of his breach, the Government will be relieved to its obligation to seek a downward departure.' As a result, Tomiwa would face the prospect of being resentenced within the otherwise applicable Guidelines range of 41 to 51 months in prison, with no downward departure motion from the Government in light of his breach." *Id.* ¶ 112 (internal citations omitted).

7

Shortly after receiving the answer, Petitioner wrote to the Court and asked to withdraw his § 2255 motion. Request to Withdraw, No. 15-7721 (D.N.J. Feb. 18, 2016). The Court granted the request and dismissed the motion without prejudice. Dismissal Order, No. 15-7721 (D.N.J. Feb. 23, 2016). Petitioner later wrote to the Court and asked to reinstate his motion, claiming he had "prematurely requested the dismissal of [his] case" and replied "impulsively" upon reading the answer. Request to Reopen, No. 15-7721 (D.N.J. Mar. 15, 2016). The Court did not grant the request.

Three months later, Petitioner filed the instant motion with the assistance of pro hac vice counsel raising one ground for relief: "Tomiwa was misinformed of the immigration consequences of his guilty plea to the instant fraud offenses by his attorney in the District Court." Second Motion, Docket Entry 1 ¶ 12(a). In light of Petitioner's assertion that his custodial sentence was to expire and would be taken into immigration official's custody on August 14, 2016, this Court ordered Respondent to answer on an expedited basis. Respondent filed a timely answer, and Petitioner did not submit a traverse.

The motion is now being considered on the papers as the record conclusively shows Petitioner is not entitled to an evidentiary hearing or relief. Fed. R. Civ. Pro. 78(b); 28 U.S.C. § 2255(b).

8

## III. DISCUSSION

Section 2255 provides in relevant part that

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States ... may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). A district court must hold an evidentiary hearing on a § 2255 motion unless the "motion and the files and records of the case conclusively show" that the movant is not entitled to relief. 28 U.S.C. § 2255(b); *see also United States v. Booth*, 432 F.3d 542, 545-46 (3d Cir. 2005). Here, the record conclusively demonstrates that Petitioner is not entitled to relief.

### A. Jurisdiction

In spite of counsel's representations to the contrary, Second Motion ¶¶ 10, 12(c), this is Petitioner's numerically second motion under § 2255. Although Respondent does not argue the motion should be dismissed on that basis, this Court has an obligation to ensure it has jurisdiction. *See* 28 U.S.C. §§ 2244(a), 2255(h); *see also Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 418 (3d Cir. 2010) (noting courts have continuing obligation to assess jurisdiction).

The Third Circuit has no "precedential opinion addressing the precise question here: when does a voluntarily withdrawn §

9

2255 motion or habeas petition 'count' so that a numerically second motion or petition will be deemed a 'second or successive' filing within the meaning of § 2244?" *United States v. Doe*, 810 F.3d 132, 150 (3d Cir. 2015) (declining to answer question). Case law from other circuits, however, persuades the Court that whether a § 2255 motion filed after a previous motion was voluntarily dismissed is a second or successive motion depends on the circumstances surrounding the withdrawal.

Here, Petitioner requested to withdraw his motion shortly after Respondent filed its answer asserting the claims in the First Motion were meritless, barred in part by the plea agreement, and that it would not move for a downward departure in the event Petitioner was resentenced. Answer, *Tomiwa v. United States*, No. 15-7721 (D.N.J. Feb. 5, 2016) ¶ 112; Request to Withdraw, No. 15-7721 (D.N.J. Feb. 18, 2016). Petitioner wrote in his Request to Withdraw: "I didn't (did not) breach the plea agreement. It was hard in prison to think that I did not deposit Ocean First Bank checks or received any gain from [co-conspirator's] scheme. This is a difficult situation because I know that I did not agree with [co-conspirator] to deposit those fraudulent checks. However, I do not want to expose myself to the Government claim that I should not have propose the new sentencing commission amendment effective Nov. 1st 2015." His subsequent letter to the Court indicated this was an impulsive

10

decision he made while he was "discombobulated and worried" about Respondent's assertion. Request to Reopen, No. 15-7721 (D.N.J. Mar. 15, 2016) at 1-2. He maintained his innocence of the conspiracy charge. *Id.*

The fact that Petitioner asked to withdraw his petition after receiving Respondent's answer and position on the plea agreement tends to suggest Petitioner was attempting to avoid an unfavorable decision on the merits of his petition or a harsher sentence were the Court to accept the Respondent's plea agreement breach argument. *Compare Felder v. McVicar*, 113 F.3d 696, 698 (7th Cir. 1997) ("[A] petitioner for habeas corpus cannot be permitted to thwart the limitations on the filing of second or successive motions by withdrawing his first petition as soon as it becomes evident that the district court is going to dismiss it on the merits."), *with Garrett v. United States*, 178 F.3d 940, 943 (7th Cir. 1999) ("[T]here is no indication that withdrawal was to obtain a tactical advantage in the face of impending defeat."). However, this Court gives significant weight to the fact that Petitioner was acting pro se at the time of the withdrawal. "*Pro se* litigants may not fully recognize the consequences of their motions, and courts must be careful not to deny them a meaningful opportunity to apply for § 2255 relief." *Thai v. United States*, 391 F.3d 491, 496 (2d Cir. 2004).

11

As Petitioner did not have the assistance of counsel at the time he moved to withdraw the First Motion, "never conceded defeat," *Haro-Arteaga v. United States*, 199 F.3d 1195, 1197 (10th Cir. 1999), and the Court had not engaged in substantive review of the merits of Petitioner's arguments at the time of the request to withdrawal, *see Garrett*, 178 F.3d at 942 ("Our cases have required that, in order for a habeas petition to be considered successive, the previous motion must have been denied on the merits. The district court must have engaged in substantive review."), the Court finds that the instant motion is not a second or successive § 2255 motion requiring preauthorization by the Third Circuit.

## B. Ineffective Assistance of Counsel

Petitioner's sole claim for relief in this motion is that trial counsel rendered ineffective assistance for failing to adequately warn him of the immigration consequences of pleading guilty. As the record conclusively demonstrates Petitioner is not entitled to relief, no evidentiary hearing is necessary.

The Sixth Amendment protects defendants' right to the effective assistance of counsel in deciding whether to plead guilty or proceed to trial. *Missouri v. Frye*, 132 S. Ct. 1399 (2012); *Lafler v. Cooper*, 132 S. Ct. 1376 (2012); *Strickland v. Washington*, 466 U.S. 668 (1984). In order to establish an ineffective assistance of counsel claim, Petitioner must show

that counsel's representation "fell below an objective standard of reasonableness" and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 688, 694. In the context of a plea, Petitioner must demonstrate that he would have proceeded to trial instead of pleading guilty in order to establish prejudice. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

Petitioner argues his attorney misadvised him "that his guilty plea to fraud offenses would not result in [his] removal from the USA unless his sentence was more than one year in prison." Certification of Kolawole O. Tomiwa, Docket Entry 1 ¶ 3. He asserts this was legally incorrect advice as "[i]n fraud cases what elevates a felony to an aggravated felony for immigration removal purposes is the dollar amount of the fraud, and not the length of the sentence imposed." *Id.* ¶ 4 (citing 8 U.S.C. § 1101(a)(43)(M)(i)). He states that if he "knew his guilty plea, and plea agreement would result in his mandatory removal from the United States there was no reason for [him] to plead guilty." *Id.* ¶ 5.

The Supreme Court held in *Padilla v. Kentucky* that defense counsel erred when he told his client that "he did not have to worry about immigration status since he had been in the country so long" as it was clear under the removal statute that

13

deportation was mandatory. 559 U.S. 356, 359 (2010). "'[W]hen the deportation consequence is truly clear,' as it was in Padilla's case because he had committed a removable offense, 'the duty to give correct advice is equally clear.'" *United States v. Fazio*, 795 F.3d 421, 427 (3d Cir. 2015) (quoting *Padilla*, 559 U.S. at 360), *cert. denied*, No. 15-1028, 2016 WL 632623 (U.S. June 20, 2016). Here the Court need not determine whether counsel's advice was erroneous as Petitioner cannot establish the *Strickland* prejudice prong. *See id.* at 426 (noting courts may consider the *Strickland* factors in any order).

Petitioner asserts that it was his understanding that he would not be subject to deportation unless his sentence exceeded a year, and he would not have pled guilty if he had known that stipulating to the amount of loss would lead to his removal from the United States. However, this assertion is belied by the fact that he accepted a plea agreement that contemplated a sentence longer than one year. The parties stipulated to a base offense level of 22. Plea Transcript at 17:21-23. With a criminal history category of I, the resulting Guideline range was 41-51 months. Thus, even accepting Petitioner's allegations as true, there is no reasonable probability that he would have proceeded to trial because he accepted a plea deal with terms that exposed him to a Guideline range starting at nearly *four* years, more than the one year Petitioner believed would subject him to

14

immigration consequences. Thus, even if counsel erred in his advice, Petitioner would have known that he likely would face immigration consequences.

Moreover, the plea agreement and Judge Sheridan set out at length the likelihood that Petitioner would be subject to immigration proceedings. The plea agreement contained a provision explicitly setting forth the potential consequences:

> The defendant understands that, if he is not a citizen of the United States, his guilty plea to the charged offense(s) *may result in his being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization. . . . The defendant wants and agrees to plead guilty to the charged offense(s) regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States.* The defendant understands that he is bound by his guilty plea regardless of any immigration consequences of the plea.

Plea Agreement at 5-6 (emphasis added). Judge Sheridan questioned Petitioner in depth to ensure he knew immigration consequences were likely:

> The Court: All right. Do you understand that since you're not a citizen of the United States your guilty plea to the charges may result that you will be subject to immigration proceedings and removed from the United States, do you understand that?
>
> Petitioner: Yes, Your Honor.
>
> . . . .

15

> The Court: All right. *And you understand that such immigrations proceedings are – most are very likely, you understand that?*
>
> Petitioner: Yes, Your Honor.
>
> The Court: All right. *And you still wish to move forward with the plea in light of that, right?*
>
> Petitioner: Yes, Your Honor.

Plea Transcript at 15:25 to 16:16 (emphasis added). The high risk of removal was made clear to Petitioner when the plea agreement stated "The defendant wants and agrees to plead guilty to the charged offense(s) regardless of any immigration consequences of this plea, even if this plea *will* cause his removal from the United States." Plea Agreement at 5-6 (emphasis added); *see Fazio*, 795 F.3d at 428 (holding similar provision in plea agreement, along with plea colloquy, cured any possible error in counsel's advice). Petitioner knowingly, voluntarily, and intelligently pled guilty even after being informed immigration proceedings were very likely and could lead to his removal from the country. He is therefore clearly not entitled to relief under § 2255.

## C. Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a § 2255 proceeding unless a judge issues a certificate of appealability on the ground that "the applicant has made a substantial showing of the denial of a constitutional

16

right." 28 U.S.C. § 2253(c)(2). This Court denies a certificate of appealability because jurists of reason would not find it debatable that Petitioner has not made a substantial showing of the denial of a constitutional right.

### IV. CONCLUSION

For the reasons stated above, Petitioner's Motion to Vacate, Correct, or Set Aside his sentence is denied. No certificate of appealability shall issue. An accompanying Order will be entered.

_August 11, 2016_
Date

_Anne E. Thompson_
ANNE E. THOMPSON
U.S. District Judge